IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      )
                              )
            v.                )   Criminal No. 08-55      Erie
                              )
JEREMY NOYES                  )

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christian A. Trabold, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I.   **THE INDICTMENT**

A Federal Grand Jury returned a four-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Transportation and attempted transportation of material depicting the sexual exploitation of a minor From in and around June 2008 to in and around July 2008 | 18 U.S.C. §§2252(a)(1) and 2252(b)(1) |



FILED

SEP - 9 2008

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|-------|--------------|---------------|
| 2 | Receipt and attempted receipt of material depicting the sexual exploitation of a minor From in and around December 2004 to in and around July 2008 | 18 U.S.C. §§2252(a)(2) and 2252(b)(1) |
| 3 | Possession and attempted possession of material depicting the sexual exploitation of a minor From in and around December 2004 to in and around August 2008 | 18 U.S.C. §§2252(a)(4)(B) and 2252(b)(2) |
| 4 | Transportation of obscene matter From in and around June 2008 to in and around July 2008 | 18 U.S.C. §1462 |

## II.  ELEMENTS OF THE OFFENSES

### A.  As to Count 1:

In order for the crime of transportation and attempted transportation of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. §§2252(a)(1) and 2252(b)(1) to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.  That the defendant knowingly transported or shipped or attempted to transport or ship a visual depiction of a minor in interstate or foreign commerce, by any means including by computer, or through the United States mail.

Title 18, United States Code, Section 2252(a)(1); United States v. X-Citement Video, 115 S.Ct. 464 (1994); United States v. Gallardo, 915 F.2d 149 (5th Cir. 1990).

2. That the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256, and the defendant knew the visual depiction was of a minor.

Title 18, United States Code, Section 2252(a)(1)(A); United States v. McCormick, 675 F.Supp. 223 (M.D. Pa. 1987), United States v. X-Citement Video, 115 S.Ct. 464 (1994).

3. That the visual depiction is of such conduct.

Title 18, United States Code, Section 2251(a)(1)(B).

**B. As to Count 2:**

In order for the crime of receipt and attempted receipt of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. §§2252(a)(2) and 2252(b)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly received, distributed, attempted to receive, or attempted to distribute a visual depiction of a minor in interstate or foreign commerce, by any means including by computer, or through the United States mail. Title 18, United States Code, Section 2252(a)(2); United States v. X-Citement Video, 115 S.Ct. 464 (1994); United States v. Gallardo, 915 F.2d 149 (5th Cir. 1990).

2.   That the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256, and the defendant knew the visual depiction was of a minor.

> Title 18, United States Code, Section 2252(a)(2); United States v. McCormick, 675 F.Supp. 223 (M.D. Pa. 1987); United States v. X-Citement Video, 115 S.Ct. 464 (1994).

3.   That the visual depiction is of such conduct.

> Title 18, United States Code, Section 2251(a)(2)(B).

**C. As to Count 3:**

In order for the crime of possession and attempted possession of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. §§2252(a)(4)(B) and 2252(b)(2) to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   That the defendant knowingly possessed or attempted to possess one or more items, which contained a visual depiction of a minor engaging in sexually explicit conduct.

> Title 18, United States Code, Section 2252(a)(4)(B).

2.   That the item which contained the visual depiction had been mailed, transported or shipped in interstate commerce, or had been produced using materials which had been mailed or transported or shipped in interstate commerce.

> Title 18, United States Code, Section 2252(a)(4)(B).

3.   That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256.

Title 18, United States Code, Section 2252(a)(4)(B).

**C. As to Count 4:**

In order for the crime of transportation of obscene matter, in violation of 18 U.S.C. §1462 to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   The defendant knowingly used an express company or common carrier to transport certain articles in interstate commerce, as charged.

2.   The defendant knew, at the time of such transportation, the general nature of the content of the articles.

3.   The articles were obscene.

Title 18, United States Code, Section 1462.

### III.   PENALTIES

**A.   As to Count 1:   Transportation and attempted transportation of material depicting the sexual exploitation of a minor (18 U.S.C. §§2252(a)(1) and 2252(b)(1)):**

1.   Imprisonment of not less than five (5) years and not more than twenty (20) years, but if the defendant has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title

10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not less than fifteen (15) years nor more than forty (40) years.

        2.    A fine of $250,000, 18 U.S.C. §3571(b)(3).

        3.    A term of supervised release of up to life, 18 U.S.C. §3583(k).

        4.    Any or all of the above.

    **B.**    **As to Count 2: Receipt and attempted receipt of material depicting the sexual exploitation of a minor (18 U.S.C. §2252(a)(2) and 2252(b)(1)):**

        1.    Imprisonment of not less than five (5) years and not more than twenty (20) years, but if the defendant has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not less than fifteen (15) years nor more than forty (40) years.

        2.    A fine of $250,000, 18 U.S.C. §3571(b)(3).

        3.    A term of supervised release of up to life, 18 U.S.C. §3583(k).

        4.    Any or all of the above.

C.   **As to Count 3: Possession and attempted possession of material depicting the sexual exploitation of a minor (18 U.S.C. §§2252(a)(4)(B) and 2252(b)(2)):**

1.   Imprisonment of not more than ten (10) years, but if such person has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117 or under Section 920 of Title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, making, sale, distribution, shipment or transportation of child pornography, such person shall be fined under this title and imprisoned not less than ten (10) years nor more than twenty (20) years.

2.   A fine of $250,000, 18 U.S.C. §3571(b)(3).

3.   A term of supervised release of up to life, 18 U.S.C. §3583(k).

4.   Any or all of the above.

D.   **As to Count 4: Transportation of obscene matter (18 U.S.C. §1462):**

1.   Imprisonment of not more than five (5) years.

2.   A fine of $250,000 (18 U.S.C. §3571(b)(3)).

3.   A term of supervised release of one (1) year (18 U.S.C. §3583(b)(3).

4.   Any or all of the above.

## IV.   MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed on each count upon which the defendant is convicted, pursuant to 18 U.S.C. §3013.

## V.   RESTITUTION

Restitution may be required in this case as to Counts One, Two, Three and Four, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§3663, 3663A and 2259.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

CHRISTIAN A. TRABOLD
Assistant U.S. Attorney
PA ID No. 75013