IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 1:08-cr-55-SJM-1 |
| v. | ) |
| | ) |
| JEREMY NOYES | ) |

**MEMORANDUM ORDER**

McLAUGHLIN, SEAN J., District J.,

    Defendant Jeremy Noyes was indicted by a federal grand jury sitting in Erie, Pennsylvania after a search of his home computer and e-mail accounts led to the discovery of illicit material. Counts One through Three of the Indictment charge Noyes with, respectively, the transportation, receipt, and possession of material depicting minors engaged in sexually explicit conduct in violation of 18 U.S.C. §§ 2252(a)(1), (a)(2), and (a)(4)(B). Count Four of the Indictment charges Noyes with transportation of obscene matter in violation of 18 U.S.C. § 1462. This Court has subject matter jurisdiction over the case pursuant to 18 U.S.C. § 3231.

    Presently pending before the Court is a motion by Noyes to sever the obscenity charge in Count 4 from the remaining charges. For the reasons that follow, this motion will be denied.

A.    <u>Joinder</u>

    The joinder of separate charges in a single indictment is governed by Rule 8(a) of the Federal Rules of Criminal Procedure, which provides as follows:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged -- whether felonies or misdemeanors or both -- are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). It has been said that "[j]oinder is desirable at the trial level because it 'promote[s] economy of judicial and prosecutorial resources.'" *United States v. Hudgins*, 338 Fed. Appx. 150, 152 (3d Cir. July 27, 2009) (*quoting United States v. Gorecki*, 813 F.2d 40, 42 (3d Cir.1987)). *See also United States v. Watson*, Criminal Action No. 07-cr-238, 2010 WL 1924474 at *7 (E.D. Pa. May 6, 2010) (Rule 8(a) is a "liberal joinder provision" and courts therefore construe the rule broadly in favor of initial joinder) (citing cases). Nevertheless, for joinder to be proper, "a jury must reasonably be expected to compartmentalize the evidence from the separate offenses." *Id.* at 153 (*quoting United States v. Reicherter*, 647 F.2d 397, 400 (3d Cir.1981)).

Here, the initial joinder of the obscenity offense at Count 4 with the child pornography offenses at Counts 1 through 3 was proper, and Noyes implicitly concedes as much. According to the Government, the images which serve as the basis of the obscenity charge involve various animations, drawings, and cartoons depicting the sexual abuse of children; thus, the offense being charged in Count 4 is of the same or similar character as the offenses charged in Counts 1 through 3. *See United States v.* Gendron, No. S2-4:08CR244 RWS, 2009 WL 5909129 at *1 (E.D. Mo. Oct. 28, 2009) (offenses are of "similar" character if they are "nearly corresponding; resembling in many respects; somewhat alike; having a general likeness"; obscenity charge was properly joined with child pornography charge where both offenses involved images of children engaged in sexually explicit conduct). In addition, the Government has represented that these allegedly obscene images were sent close in time to – and in some cases, simultaneously with -- the transmissions of the allegedly pornographic images. Thus, the transportation of obscene material alleged in Count 4 is based on the same acts or transactions that serve as a basis for the pornography charges in Counts 1 through 3. Finally, there should be no real difficulty in terms of the jury compartmentalizing the evidence relative to the various charges. The evidence underlying the two types of offenses, though of similar character, is distinct: the images serving as the basis for Count 4 involve animated or cartoon depictions of children, whereas the images serving as the basis for the pornography charges in Counts 1 through 3 involve actual children. While the rules of law governing Count 4 differ from those governing

2

Counts 1-3, there is no reason to believe that the jury will be unable to segregate the evidence and give separate consideration to each offense based upon the governing rules of law, which will be explained to them at trial.

B.   Severance

Where the initial joinder of offenses is proper, a severance can be obtained only pursuant to Rule 14(a). That rule provides:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). A defendant bears a "heavy burden" in showing prejudice from joinder, *United States v. Hudgins*, 338 Fed. Appx. at 153 (*citing United States v. Console*, 13 F.3d 641, 655 (3d Cir.1993)), and he or she must demonstrate that joinder will result in a "manifestly unfair trial, beyond a mere showing that he would have had a better chance of acquittal with separate trials." *Id.* (*quoting Government of Virgin Islands v. Sanes*, 57 F.3d 338, 341-342 (3d Cir.1995) (internal quotations omitted)). In considering whether a criminal defendant was prejudiced by the joinder of multiple charges, our circuit court of appeals has considered factors such as: (1) whether the presentation of separate counts with distinct and extensive evidence confused the jury, (2) whether the charging of several crimes made the jury hostile, and (3) whether the jury was able to segregate the evidence as to each count. *United States v. Torres*, 251 Fed. Appx. 763, 764 (3d Cir. Sept. 21, 2007) (citations omitted). "Of primary concern in considering a motion for severance is 'whether the jury can reasonably be expected to compartmentalize the evidence,' as it relates to each count by following the instructions of the trial court." *United States v. Reicherter*, 647 F.2d 397, 400 (3d Cir. 1981) (citation omitted).

The question whether to sever offenses or defendants charged in an indictment pursuant to Rule 14 rests in the sound discretion of the district court. *See United States v. McCode*, 317 Fed. Appx. 207, 212 (3d Cir. Mar. 20, 2009) (citing *United States v. Lore*, 430 F.3d 190, 205 (3d Cir.2005)); *United States v. Sebetich*, 776 F.2d 412, 427 (3d Cir. 1985) ("The trial

3

judge is in the best position to balance the possible prejudice to a defendant against the concerns of judicial economy."). Even where prejudice is possible, the trial court is not required to order a severance because "less drastic measures, such as limiting instructions, often will suffice." *Torres, supra*, at 764.

In this case, no showing of prejudice has been made that would justify a Rule 14(a) severance. Noyes points out the obscenity count will be governed by the 3-part test set forth *Miller v. California*, 413 U.S. 15 (1973),[1] and will likely be challenged on First Amendment grounds. He insists that, if a severance is not granted, "confusion will result at trial such that a fair trial can never be had and the [nuances] of the issues may be lost in the shadow of the drama of the child pornography charges in counts 1-3." (Mot. for Separate Trial on Count 4 [94] at ¶ 9, p. 2.) As I have already noted, however, the evidence pertaining to the obscenity count will be easily distinguishable from the evidence pertaining to the pornography counts, as the former will involve only drawings, animations or cartoons while the latter will involve imagery of actual children. Accordingly, there is little risk that the jury will be confused by the presentation of the two types of evidence in the same trial.

There is also little danger that the joinder of these offenses will contribute in any substantial way to jury hostility. Even if a severance were granted here, the alleged obscene material would likely be admissible under Fed. R. Evid. 404(b) in a trial on the pornography charges – and vice versa – as a means of establishing, e.g., the Defendant's knowledge and/or lack of mistake. *See Torres, supra*, at 765, 2007 WL 2745715 at **2 ("Evidence of other offenses is admissible for any purpose other than to show a mere propensity or disposition to commit a crime."). Thus, a severance would not necessarily prevent the jury from hearing one type of evidence or the other. *See United States v. Shaw*, Criminal Action No. 08-476, 2009 WL 3790310 (E.D. Pa. Nov. 9, 2009) ("[I]n cases where evidence of each of the joined offenses would be admissible in a separate trial for the other, concerns about cumulation of evidence

---

[1] Under *Miller*, the inquiry for the trier of fact is: (a) whether 'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest; (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value. *See* 413 U.S. at 24.

and inference of a criminal disposition are largely absent.") (internal quotation marks omitted and citation omitted). Moreover, the similarity of content between the allegedly obscene images on one hand and the allegedly pornographic images on the other further reduces the likelihood of jury hostility. *See Torres, supra,* at 765, 2207 WL 2745715 at **2 (defendant failed to carry his burden of showing actual prejudice from joinder of claims where, among other things, "the crimes did not differ so greatly in nature that one was more likely to arouse hostility than another").

Finally, as I have already discussed, there is no reason to expect that the jury will be unable to segregate the evidence pertaining to each count of the indictment. The evidence pertaining to the obscenity charge, though similar in content to the alleged child pornography, will be easily distinguishable in that it will consist solely of drawings, cartoons or animations. The legal standards governing the two types of charges are not particularly complicated and, as in any criminal case involving multiple charges, the jury will be informed that it must consider the evidence as it pertains to each individual count. We presume that the jury will follow this rule of law. *See Torres*, *supra*, at 764, 2007 WL 2745715 at **2 (where district court gave the jury explicit instructions that it was to consider separately the evidence for each count, the jury was presumed to have followed this instruction) (citing *Greer v. Miller*, 483 U.S. 756, 766 n.8 (1987)); *Shaw, supra*, at *10 (E.D. Pa. Nov. 9, 2009) ("The danger that the jury might confuse the two sets of counts can be prevented with a proper instruction that the jury must give separate consideration to each separate charge."); *United States v. Dileo*, 859 F. Supp. 940, 944 (W.D. Pa. 1994) (recognizing that limiting instructions often cure any risk of prejudice) (*quoting Zafiro v. United States*, 506 U.S. 534 (1993)).

Noyes submits that he will be prejudiced if all the counts are tried together because a trial of the obscenity charge under the *Miller* standard will divert the defense's limited resources from other matters. He posits that the Government's true priority is a conviction on the child pornography counts, which carry a much higher sentencing guidelines range, and he assumes that the Government would likely abandon the obscenity count if it obtains a conviction on Counts 1 through 3. This argument is flawed.

5

To begin, the Government has given no indication that it intends to abandon its prosecution of the obscenity charge in the event that Noyes is convicted on the child pornography counts, and it is not this Court's place to engage in such an assumption. Accordingly, there is no basis to believe that a severance of the obscenity charge will result in that charge eventually going away. In light of this reality, it is difficult to see how a subsequent trial on the obscenity count will mitigate the drain on the defense's resources. *Shaw, supra*, at *8 (A defendant seeking relief under Rule 14(a) has the burden of demonstrating that failing to grant [a] severance would result in 'real, not fanciful' prejudice.") (quoting *United States v. Segal*, 534 F.2d 578, 583 (3d Cir. 1976)). Moreover, the mere fact that a particular charge may be difficult or costly to defend does not justify a severance under Rule 14. "[I]t is not sufficient simply to establish that severance would improve the defendant's chance of acquittal. ... Rather, he must demonstrate clear and substantial prejudice resulting in a manifestly unfair trial." *United States v.* Reicherter, 647 F.2d at 400 (internal citations omitted). *Accord United States v. Willis*, 940 F.2d 1136, 1139 (8th Cir. 1991) (potential difficulty in defending oneself is not grounds for rejecting joinder of a co-defendant).

Noyes also argues that a severance will help preserve judicial resources – again under the theory that the obscenity charge is likely to go away if he is convicted on the child pornography counts. However, for the reasons just discussed, it is far too speculative to conclude that the Government will not pursue the obscenity charge, should Noyes be convicted on Counts 1 through 3. Furthermore, counsel estimates that a First Amendment defense to the obscenity charge may result in an extra day of trial, should that charge go to a jury. Under this scenario, a separate trial would not appreciably preserve judicial resources, if at all, particularly where evidence of the allegedly obscene images may, in any event, be introduced in the trial of Counts 1 through 3 as Rule 404(b) evidence.

Noyes' remaining arguments are equally unconvincing and need not be addressed further. Having carefully considered his motion, I conclude that Noyes has failed to satisfy his burden of demonstrating that, absent a severance, he would suffer "clear and substantial prejudice resulting in a manifestly unfair trial." *Shaw, supra*, at *8 (quoting *United States v.*

*Rogers*, 2009 WL 650284 at *1 (E.D. Pa. Mar. 12, 2009)). Accordingly, the following order is entered:

AND NOW, *to wit*, this 6th Day of December, 2010, upon consideration of the Motion for Separate Trial on Count 4 [94] filed by the Defendant, Jeremy Noyes,

IT IS ORDERED, for the reasons set forth above, that said motion be, and hereby is, DENIED.

                  s/  <u>Sean J. McLaughlin</u>
                     SEAN J. McLAUGHLIN
                     United States District Judge

cm:  All counsel of record.