IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 08-55 Erie |
| | ) | |
| JEREMY NOYES | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

Since the Court had the benefit of presiding over the trial in this case there is no need for the government to rehash the overwhelming evidence presented.  Rather, it is the government's intention to address two specific points previously raised by Noyes.  Noyes objects to the imposition of the two offense levels for obstruction of justice pursuant to U.S.S.G. §3C1.1 and the four offense level increase for material that portrays sadistic or masochistic conduct or other depictions of violence.  His objections are contradicted by the trial record and have no merit whatsoever.

## I.   **Obstruction of Justice**

U.S.S.G. §3C1.1 provides for a two level increase in offense level if:

> (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense.

Application Note 4 provides numerous examples of conduct that

1

is covered under this guideline section.  The examples which are applicable to Noyes' case are: "(A) threatening, intimidating or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so; (B) committing, suborning, or attempting to suborn perjury ..."; (D) destroying or concealing or directing another person to destroy or conceal evidence that is material to an offical investigation or judicial proceeding ..."  It is evident that Noyes qualifies for the obstruction enhancement under all three of these examples.

### A.   Threatening a Witness

Elizabeth Fleming, who was called to testify by Noyes as a defense witness, testified directly that Noyes threatened to kill her and her children if she ever revealed to anyone his plan to sexually exploit young children.  Those threats are clearly obstruction of justice under U.S.S.G. §3C1.1 because Noyes intent in issuing the threats was obviously to thwart and prevent a law enforcement investigation into his nefarious activities.  United States v. Mathis, 331 Fed.Appx. 997, 1000 (3d Cir. 2009);  United States v. Cole, 359 F.3d 420, 431 (6th Cir. 2004)(threats to victim made in hopes that crime would not be reported to police constituted obstruction of justice) citing United States v. Brown, 237 F.3d 625 (6th Cir. 2001)(threats made by defendant to potential witness substantively amounted to obstruction of justice).

### B.  Perjury

It is well settled that under the Sentencing Guidelines a defendant can obstruct justice by committing perjury.  The district court cannot impose the enhancement "simply because a defendant testifies on his own behalf and the jury disbelieves him."  United States v. Yarrington, 634 F.3d 440, 452 (8th Cir. 2011)(citation omitted).  Rather, "the sentencing court must itself conduct an independent evaluation and determine whether the defendant committed perjury."  Id.  "To conclude that the defendant committed perjury, the court must find, by a preponderance of the evidence, that the defendant gave false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory."  Id. (internal quotations and citation omitted).  A district court's finding of perjury is sufficient where the court states that "the defendant was untruthful at trial with respect to material matters in this case" and that the untruthful testimony on material matters "was designed to substantially affect the outcome of the case."  United States v. Chance, 306 F.3d 356, 390 (6th Cir. 2002)(citations omitted).  Likewise, obstruction of justice enhancements have repeatedly been affirmed, "despite the absence of specific findings on the elements of perjury, when the evidence of the defendant's willfulness was unequivocal and the record left no doubt that the defendant's false testimony at trial was not the result of

confusion, mistake or faulty memory." <u>United States v. Young</u>, 613 F.3d 735, 749 (8th Cir. 2010)(citation omitted).

In <u>Yarrington</u>, the Eighth Circuit affirmed the imposition of the obstruction of justice enhancement in a child pornography case even though the district court made no specific perjury findings. The Eighth Circuit found no fault with a perjury determination at sentencing where the defendant testified at trial that he had never seen any of the child pornography found on his computer. <u>Yarrington</u>, 634 F.3d at 452-53. The court noted that the defendant's testimony was plainly contradicted by the location of the child pornography on his computer, its proximity to the defendant's personal photos and links to child pornography websites in the defendant's personal folder. <u>Id</u>.

Noyes repeatedly committed perjury during the course of his direct testimony and when cross-examined by the attorney for the government. On numerous occasions he claimed that he had never seen the child pornography admitted into evidence. He even had the audacity to feign disgust when presented with the material. Noyes also falsely claimed the material had been planted on his computer. He also lied continuously to the jury during his opening and closing statements when he claimed that he had nothing to do with the child pornography on his computer. His entire defense presentation was a gigantic fabrication intended to divert attention from his obvious guilt. Even his own computer expert

completely exposed Noyes' repeated lies when he testified that there was no evidence of forensic tampering on Noyes' computer or any evidence whatsoever that a virus or a third party had caused the child pornography to be placed on Noyes' computer. Noyes lied so often during his trial that it is difficult to point to anything he said that was the truth. Fortunately his attempted deception was so transparent that it took the jury little more than an hour to convict him of all the charges.

### C. Concealment of Evidence

The government presented clear evidence at trial that Noyes was removing child pornography from an encrypted folder on his computer desktop prior to transmitting the material. This evidence came in the form of chat logs where Noyes specifically referenced removing the images from encryption and the extra delay that caused in transporting them. The forensic examination of Noyes computer confirmed these chats when an encrypted folder was located on Noyes computer. Other evidence was also presented in the form of Yahoo chats where Noyes talked about encryption and the need to be careful to avoid law enforcement detection. Noyes placement of child pornography in an encrypted folder is a sufficient basis itself for the imposition of the two level enhancement for obstruction of justice. United States v. Wayerski, 624 F.3d 1342, 1352(11th Cir. 2010)(encrypting child pornography files that were posted to newsgroups was an obstructive act designed to avoid

detection and thwart any law enforcement investigation).

## II.  **Depictions of Sadistic or Masochistic Conduct**

"Because the Guidelines do not define what is meant by 'sadistic or masochistic conduct,' courts must look to the common meaning of those terms to determine their application." United States v. Groenendal, 557 F.3d 419, 425 (6th Cir. 2009). The Fifth Circuit has relied upon Webster's Third New International Dictionary to describe "sadism" as "the infliction of pain upon a love object as a means of obtaining sexual release." Id. citing United States v. Lyckman, 235 F.3d 234, 238 n. 19 (5th Cir. 2000). The sadism enhancement has been applied by other courts "when the offense involves the depiction of a sexual act that is 'likely to cause pain in one so young'." Id. citing Lyckman, 235 F.3d at 238-39.

 Numerous courts have found that images involving penetrative sex between a prepubescent child and an adult male are per se sadistic. Groenendal, 557 F.3d at 425-26 (collecting cases).  The Eighth Circuit and First Circuits have also held that the attempted sexual penetration of a minor female by an adult male is "sadistic" and "violent" for purposes of applying the four offense level enhancement.  United States v. Belflower, 390 F.3d 560, 562 (8th Cir. 2004); United States v. Hoey, 508 F.3d 687, 692 (1st Cir. 2007).  In so holding, the Belflower court reasoned:

> Such images portray conduct sufficient to
> presume the infliction of mental or physical

> coercion or abuse upon a minor.  They also
> bespeak a sadistic intent to achieve sexual
> pleasure through the necessarily violent
> depiction of a minor as either a sexual object
> ripe for or deserving of sexual exploitation,
> or as a sexual subject desirous of and
> complicit in his or her own sexual
> exploitation.

Belflower, 390 F.3d at 562.

Images of a child in bondage are also sufficient to justify the sadism enhancement.  United States v. Kimbrough, 69 F.3d 723 (5th Cir. 1995)(two images that depicted minor female in bondage out of hundreds of child pornography images were sufficient to justify sadism enhancement).

It is clear that the gravamen of the sadism enhancement is the infliction of pain upon a minor.  At trial, the government presented numerous images of actual young females being penetrated by adult males.  Also presented were animations depicting young females being penetrated by adult males.  There were also numerous other animations presented of young females being subjected to the most horrific torture imaginable.  A key image admitted into evidence depicted a minor Asian female tied up in bondage with duct tape.  This was the image that Noyes had accessed shortly before the search of his house was conducted.  Plainly these images justify the four level sadism enhancement for Noyes.

### III.  Recommended Sentence

Noyes should be sentenced to the statutory maximum.  His guideline is 360 months to life so such a sentence is well within his applicable guideline range.  He traded in the most deplorable material imaginable.  His collection depicted the torture, rape and humiliation of very young children.  He emphatically advocated terrorizing young children in order to satisfy his insatiable and twisted desires.

The evidence against him was overwhelming and came from a variety of sources.  He both transported and received this filth. He amassed a sizable collection of it and hid even more from law enforcement.  Noyes counseled other child predators on how to avoid detection.  He encouraged others in their efforts to destroy the most vulnerable.  His chats revealed the great pleaure he took in watching the worst moment of a child's life.

When faced with the government's mountain of evidence, Noyes lied at every turn.  He called some witnesses merely to try to intimidate them.  He called other witnesses who exposed his lies. He continuously faked shock at his own collection. He testified at length and seemed incapable of filling even a thimble with truth. He conclusively exposed himself as a child predator who thinks nothing of terrorizing children for his own entertainment. All told he demonstrated without a shadow of a doubt that he must never be allowed to walk among us again.

Respectfully submitted,
DAVID J. HICKTON
United States Attorney


/s/ Christian A. Trabold
CHRISTIAN A. TRABOLD
Assistant U.S. Attorney
PA ID No. 75013