IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:08cr55 |
| | ) | **Electronic Filing** |
| **JEREMY NOYES** | ) | |

## MEMORANDUM ORDER

AND NOW, this 19th day of July, 2016, upon due consideration of defendant Jeremy Noyes' motion to supplement defendant's pending § 2255 motion based on Johnson v. United States and Welch v. United States, IT IS ORDERED that [240] the motion be, and the same hereby is, granted;

AND IT FURTHER IS ORDERED that upon due consideration of defendant's "Motion for Stay of Judgment Pending Rulings in Circuit Courts Regarding Issues Raised in Supplement to Motion Under § 2255", IT IS ORDERED that [239] the motion to stay be, and the same hereby is, granted in part. Defendant shall file his supplemental brief in support of his § 2255 motion addressing the impact of Johnson on his sentence on or before October 18, 2016. The motion is denied in all other aspects;

IT FURTHER IS ORDERED that [210] defendant's motion to show cause, [217] motion to recuse judges, [220] motion for show cause hearing and response, and [238] motion for court to order BOP to assign court pending status and access to a legal neo be, and the same hereby are, denied. A movant under § 2255 is not entitled to discovery as a matter of ordinary course and generalized statements that such an undertaking will unearth a basis for collateral relief fail to provide good cause for authorizing such measures. See, e.g., Velazquez-Rivera v. United States, 54 F. Supp.3d 168, 170 (D. Puerto Rico, 2014) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course [and]

[g]eneralized statements regarding the possibility of the existence of discoverable material will not be sufficient to" meet the demanding standards of Rule 6(a) of the Rules Governing Section 2255 motions) (quoting Bracy v. Gramley, 520 U.S. 899, 904 (1997)); accord Harris v. Nelson, 394 U.S. 286, 297 (1969) (The broad-ranging preliminary inquiry authorized by the Rules of Civil Procedure "is neither necessary nor appropriate in the context of a habeas corpus proceeding."); Williams v. Beard, 637 F.3d 195, 209 (3d Cir. 2011) (discovery in a habeas proceeding must be grounded in factual allegations sufficient to present a viable claim that the petitioner or movant is entitled to relief); and

IT FURTHER IS ORDERED that [232] defendant's motion to request extension of time to file amendment to § 2255 be, and the same hereby is, granted to the extent defendant is permitted to file a supplemental brief raising the impact of Johnson/Welsh, if any, on his sentence, and denied to the extent it seeks to otherwise delay or permit briefing on any other issues not raised prior to September 7, 2014 (the 120 day period afforded defendant under [212] the Miller notice issued to defendant/movant on May 7, 2014).

s/David Stewart Cercone
David Stewart Cercone
United States District Judge

cc: Jeremy Noyes
20585-068
FCI Tucson
P.O. Box 24550
Tucson, AZ 85734

(*Via First Class Mail*)

Christian A. Trabold, Esquire
Lee Karl, Esquire
Mary McKeen Houghton, Esquire

(*Via CM/ECF Electronic Mail*)