# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
|---|---|---|
| | ) | CR  8-55 |
| v. | ) | CV 14-97 |
| JEREMY NOYES | | |

## MEMORANDUM ORDER

On February 22, 2011, a jury convicted Defendant, who acted pro se during the trial, of transporting, receiving, and possessing child pornography, and transporting obscene material, in violation of 18 U.S.C. § 2252 and 18 U.S.C. § 1462.  On June 23, 2011, Defendant was sentenced to 540 months of imprisonment, consisting of two consecutive terms of 240 months, and a consecutive term of 60 months.[1]  Following appellate and other proceedings, Defendant filed a Motion pursuant to 28 U.S.C. § 2255, which remains pending.

Also pending are several of Defendant's pro se Motions that will be disposed of before his Section 2255 petition is addressed.   I have considered all of the Motions according to the well-established liberal standards applicable to pro se submission.

Defendant's Motions at Docket Nos. 258 and 259 to extend time to respond to the Government's Reply to his Section 2255 proceedings are denied as moot, as the Court granted him such an extension, and Defendant has responded to the Government's opposition to his Motion.

Defendant's Motion to renew discovery motions that were previously denied without prejudice, filed at Docket No. 254, is granted.  The Court will deem his Motions renewed, but

---

[1] Judge McLaughlin, and then Judge Cercone, presided over this matter until it was transferred to my docket on February 2, 2018.

1

deny those Motions, filed at Docket Nos. 245, 246, and 247.  Therein, Defendant requests FBI and U.S. Attorney records, and records from Google, Inc.  Rule 6 of Rules Governing Section 2255 Proceedings provides that a judge may, for "good cause," permit discovery in a Section 2255 matter. Further, the Rule requires that "[a] party requesting discovery must provide reasons for the request."  "At a minimum, the Petitioner must provide specific allegations from which the court may determine whether granting the request would enable the Petitioner to demonstrate he or she is entitled to relief."  United States v. Askew, No. 04-39, 2010 U.S. Dist. LEXIS 32048, at *12 (W.D. Pa. Apr. 1, 2010).  Defendant's cursory Motions fail to do so.

Defendant has also filed several Motions for Leave to Amend or Correct his Section 2255 Petition, at Docket Nos. 244, 262, 264, 265, 266, 267, and 269.  Those Motions are granted, and the Court will consider the submissions attached or related thereto in connection with Defendant's Section 2255 petition.

Defendant's Motion Requesting Order to Admit, at Docket No. 260, is denied.  The United States Government has standing to bring and pursue charges for violations of the laws involved in this case, and Defendant proffers no legitimate argument to the contrary.  Similarly, Defendant's Motion to Dismiss for lack of subject matter jurisdiction, at Docket No. 261, is denied.  Defendant has not stated legitimate grounds to question this Court's jurisdiction over this matter.

Finally, Defendant's Motion to Unseal and Receive CJA Vouchers and All Pertaining Ex Parte Communications, at Docket No. 273, is denied. Whether to seal or unseal documents is a discretionary matter for the Court. Eisai Inc. v. Sanofi-Aventis U.S., LLC., No. 08-4168, 2015 U.S. Dist. LEXIS 29495, at *5 (D.N.J. Mar. 10, 2015). In support of his Motion, Defendant offers various suspicions about the activities of counsel.  At this juncture, Defendant has not

stated persuasive grounds for unsealing the requested matters. To the extent that his requests are to be considered under the Rules Governing Section 2255 Proceedings, they likewise must be denied.

Defendant's Section 2255 Motion is now ripe for review, and will be ruled upon in due course.

AND NOW, this 15th day of February, 2018, IT IS SO ORDERED.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court