# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
| --- | --- | --- |
| | ) | CR 8-55 |
| v. | ) | CV 14-97 |
| JEREMY NOYES | ) | |

## OPINION AND ORDER

## SYNOPSIS

This matter arises out of Defendant's 2011 conviction on four Counts of transporting, receiving, and possessing child pornography, and transporting obscene material, in violation of 18 U.S.C. § 2252 and § 1462. The conviction followed a five-day trial, during which Defendant proceeded <u>pro se</u> with standby counsel.[1] After presentation of "all of the overwhelming, damning evidence," the jury arrived at a guilty verdict after "little more than one hour of deliberations." <u>United States v. Noyes</u>, 501 Fed. Appx. 168, 169, 173 (3d Cir. 2012). On March 26, 2014, Defendant filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, later amended with leave of Court on October 24, 2016.

In the interest of clarifying the rather disorderly docket, the Court will first dispose of pending matters other than Defendant's Section 2255 Motion, before reaching the latter. Defendant has moved to lift the stay, and has filed several Motions that again seek to amend his pending Section 2255 Motion. Defendant has filed two Motions to Amend [291, 294], a Final Amendment to § 2255 Motion [300], and a Motion to Resubmit Amendments as Necessary and

---

[1] This matter was assigned to Judge McLaughlin and then Judge Cercone; it was reassigned to my docket on February 2, 2018.

1

Motion to Lift Stay [303]. For the following reasons, the stay will be lifted, and the Motions denied in all other respects.

## OPINION

### A. BACKGROUND

On March 26, 2014, Defendant filed a Motion to Vacate pursuant to 28 U.S.C.§ 2255 ("Section 2255"). Therein, Defendant raises various instances of ineffective assistance of trial counsel, including the failure to explain an offered plea bargain, and the failure to deal with the Government's withholding of Brady materials. He further challenges appellate counsel as ineffective for failing to properly address the seizure and forfeiture of Defendant's property, and failing to raise a challenge to the Court's jury instructions. He also alleges, in his Motion, that he was "subjected to torture" in violation of due process, and that a search warrant lacked probable cause. The Court provided Defendant notice pursuant to United States v. Miller, 197 F. 3d 644 (3d Cir. 1999). Since that filing, Defendant took an interlocutory appeal, filed multiple motions, including discovery-related motions, a motion to dismiss, and a request for Judge Cercone's recusal, and sought to supplement his Section 2255 Motion. On October 18, 2018, at Defendant's request, the Court entered a stay pending appellate activity.

Previously, Defendant has requested and received numerous opportunities to amend his Section 2255 Motion. For example, by Order dated July 19, 2016 ("July 19 Order"), the Court granted Defendant's Motion to supplement his petition with a Johnson argument. Accordingly, Defendant filed a new Section 2255 Motion on October 24, 2019. By Order dated February 15, 2018 ("February 15 Order"), after construing the pleadings with great liberality and making

every effort to allow this pro se litigant to address all his claims, the Court further granted

Defendant's multiple requests to amend or correct his Section 2255 Motion.[2]

### B. DEFENDANT'S MOTIONS

Defendant has filed a Motion to Amend in order to include a challenge to the indictment in his case [291], as well as a Motion to Amend that seeks to include an attack on the supervised release portion of his sentence [294]. In particular, he wishes to assert claims that the indictment did not contain sufficient facts, and that his supervised release term, which should be categorized as imprisonment, improperly results in a sentence that exceeds the statutory maximum.[3] Thus, he seeks to challenge his supervised release term as an unconstitutional Bill of Attainder. Defendant has also filed an Amended Motion to Vacate [300], in which he challenges the effectiveness of trial and appellate counsel for failing to challenge the factual sufficiency of the indictment under Fed. R. Crim. P. 12. Included in his request to lift the stay, Defendant moves to Resubmit Amendments as Necessary [303]. The Court has assessed Defendant's submissions according to the well-established liberal standards applicable to pro se litigants.

"The one-year statute of limitations bars amendment of an existing § 2255 motion that seeks to add new claims after the one-year period has expired." Graulich v. United States, No. 14-2572, 2016 U.S. Dist. LEXIS 169212, at *11 (D.N.J. Dec. 5, 2016). An amendment merely

---

[2] While Defendant's submissions each raises multiple issues, the essence of Defendant's voluminous amendments thus granted include the following: Docket 262 sought to add claims that appear to be related to standing and jurisdictional issues; Docket No. 264 sought to add a claim regarding appellate counsel's failure to dispute distribution and receipt of images; Docket No. 265 addressed the Government's failure to prove transportation charges and counsel's failure to properly deal with a crying juror; Docket No. 266 addressed appellate counsel's failure to challenge offense level; Docket No. 267 related to appellate counsel's failure to raise a challenge pursuant to 18 U.S.C. § 3661; and Docket No. 269 addressed procedural default and Judge Cercone's Order at Docket No. 241, which addressed multiple Motions filed by Defendant.
[3] Although I do not reach the merits of this contention, I note that Courts have rejected similar arguments. See, e.g., Goodwin v. United States, No. 06-00199, 2006 U.S. Dist. LEXIS 56682, at *8 (W.D. Va. Aug. 15, 2006).

to amplify or clarify the facts may be permissible, but not one that "seeks to add an entirely new claim or theory of relief." United States v. Thomas, 2016 U.S. Dist. LEXIS 169212, 436 (3d Cir. 2000). An untimely amendment, however, will "relate back" to a timely filing, and thus be permissible, if "the claim or defense asserted in the amended pleadings arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c). Judge Fischer has summarized these principles as follows:

> A petitioner who has filed a timely § 2255 motion may not amend it to raise new claims after expiration of the one-year limitation period. However, the "relation back" principle of Federal Rule of Civil Procedure 15 applies to § 2255 motions, and "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." This means that a new claim only may be raised in an untimely amended motion if it "arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading." However, relation back of a new, untimely § 2255 claim is impermissible if it is "supported by facts that differ in both time and type from those the original pleading set forth."

United States v. Waller, No. 14-40, 2018 U.S. Dist. LEXIS 119452, at *8-9 (W.D. Pa. July 18, 2018).

Here, Defendant's previous submissions do not relate to his supervised release term or the sufficiency of the indictment; instead, the previous submissions challenge issues such as his treatment while in custody, as well as counsel's conduct with respect to matters such as the failure to subpoena of various evidence and witnesses, the failure to investigate various types of evidence, the failure to request certain examinations or hearings, the failure to properly explain a plea offer, and the failure to properly deal with withheld Brady materials. To the extent that Defendant has challenged his sentence, his previously-filed Motions touched solely on the Feeney Amendment and an alleged separation of powers violation, and the alleged vagueness or improper application of U.S.S.G. § 2G.2. Although Defendant contends that his previously-filed brief "alluded to" a challenge to the indictment, the Court finds no allusion that suffices under

4

applicable standards. Indeed, Defendant confirmed, in a 2016 supplemental filing describing the pending Motion, that it did not raise either of the grounds now sought to be included. See Docket 240-1. Under applicable standards, the proposed amendments do not share the required nexus with the claims that he timely raised. Further, these proposals do not relate even to the various amendments and supplements permitted by this Court's prior Orders. Therefore, they should not now be permitted under Rule 15(c).

Moreover, Defendant suggests no grounds for excusing the untimely claims, and identifies no reason why he could not have raised these claims earlier. Defendant has been afforded ample opportunity to amend his Section 2255 Motion in the more than four years since it was filed, and he has done so; he was also afforded initial Miller notice. The facts and legal principles that Defendant now raises existed and were apparent at the time of sentencing. Although Defendant avers that he was in the secure housing unit from June 27 to July 25, 2018 that brief time period does not excuse his inactivity relating to the new claims. He further states that he became aware of indictment deficiencies after "the D.C. District case of U.S. v. Charles Hillie." This presumably refers to United States v. Hillie, 227 F. Supp. 3d 57, 62 (D.D.C. 2017), a case involving a multi-count indictment for possession and production of child pornography. Hillie, which is not binding on this Court, was decided in January, 2017, well before Defendant sought to employ it as grounds for a new claim. In addition, it has long been the law that an indictment must contain sufficient factual matter to place a defendant on notice. The appearance of Hillie does not warrant disposing of the time limitations imposed by Section 2255. Overall, permitting the proposed amendments is not warranted. Even liberal standards of construction and amendment have limits.

**CONCLUSION**

In conclusion, Defendant's Motion to Resubmit Amendments as Necessary, Motion to Lift the Stay [303] will be granted in part and denied in part. The Motion will be granted to the extent that the stay is lifted. To the extent that it seeks to amend his Section 2255 Motion, however, the Motion will be denied for the reasons stated supra. Defendant's Motions for Leave to Amend [291, 294] will be denied. Accordingly, the May 16, 2019 Final Amendment to § 2255 Motion, listed on the docket as an Amended Motion to Vacate [300], will be marked denied and will not be considered in conjunction with Defendant's pending Section 2255 proceeding. Defendant's Section 2255 Motion, as filed initially and as supplemented on October 24, 2016 insofar as it complies with the July 19 Order, and as supplemented via the February 15 Order,[4] is now ripe for review and will be disposed of in due course. The Court will consider Defendant's submissions only to the extent that they comply with this Court's prior Orders permitting supplements or amendments. An appropriate Order follows.

BY THE COURT:

_Donetta F. Ambrose_

Donetta W. Ambrose
United States District Court

Dated: December 5, 2019

---

[4] In the February 15 Order, the Court granted Defendant's proposed supplements or amendments reflected in docket numbers 262, 264, 266, 267, and 269. Those contentions include, in brief, as follows: disloyalty of counsel and lack of subject matter jurisdiction [262]; counsel's failure to properly deal with evidentiary and investigative issues [264]; sentencing calculations under USSG 2G2.2(b)(7) [266]; the constitutionality of 18 U.S.C. § 3661 under the First Amendment [267]; and the multitude of contentions, including the sufficiency of the evidence, actual innocence, and counsel's deficiencies, touched upon in document [269]. This Court's February 15 Order mistakenly included a reference to docket number [244], a Motion seeking an unspecified amendment to his Section 2255 petition and related filings, which had already been disposed of by Judge Cercone on October 10, 2016.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | CR 8-55 |
| | ) | |
| v. | ) | CV 14-97 |
| | ) | |
| JEREMY NOYES | ) | |
| | ) | |

## ORDER

AND NOW, this 5th day of December, 2019, the Court Orders as follows: Defendant's Motion to Lift Stay [303] is granted to the extent that the stay is lifted, and denied in all other respects. Defendant's submissions relating to amendment of his pending Section 2255 Motion [291, 294, 300] are denied, for the reasons stated in the foregoing Opinion.

BY THE COURT:

_____

Donetta W. Ambrose
United States District Court